IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| TYRE T. WATKINS, #184 333 | * | |
|     Plaintiff, | * | |
|     v. | * | 2:11-CV-312-WHA |
| | | (WO) |
| EASTERLING CORRECTIONAL FACILITY, *et al.*, | * | |
| | * | |
|     Defendants. | | |

_____

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, an inmate incarcerated at the Easterling Correctional Facility located in Clio, Alabama, files this *pro se* 42 U.S.C. § 1983 action against the Easterling Correctional Facility and Dr. West, a dentist. In filing this lawsuit, Plaintiff seeks to either "sue or prosecute." The court has carefully reviewed the allegations contained in the instant complaint. From that review the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).

### I. DISCUSSION

Ground one of Plaintiff's complaint references "warranties and guarantees," express and implied. In his second ground for relief, Plaintiff states that several states have passed "plain English laws" which require that contracts be written so the consumer can understand them. In his third ground for relief, Plaintiff asserts that under the civil rights act, discrimination in employment is illegal. Grounds four through seven reference the Labor

Management Relations Act, the Privacy Act, defamation (libel and slander), and fraud. (*Doc. No. 1 at 2-4*.)

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. § 1983, the court is required to conduct an initial evaluation of the complaint in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

This court shall dismiss an *in forma pauperis* complaint "if the court determines that . . . the action . . . is frivolous or malicious."  28 U.S.C. § 1915(e)(2)(B)(i); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989). A claim is frivolous if it lacks an arguable basis in law or fact.  *Id.*; *see also Denton v. Hernandez*, 504 U.S. 25 (1992). The provisions of §1915(e)(2)(B)(i) give a federal district court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  *Neitzke,* 490 U.S. at 327.  Examples of such claims are those that describe "fantastic or delusional scenarios."  *Id*. at 328.

After carefully reviewing Plaintiff's allegations as described above, the court concludes that the grounds presented by Plaintiff do not present any logical set of facts to

support any claim for relief against Defendants.[1]  Rather, the claims presented by Plaintiff are the types of claims which should be subject to dismissal because they are nonsensical and fail to assert any comprehensible cause of action against the named defendants with respect to any alleged violation of Plaintiff's constitutional rights.  In light of the foregoing, the court concludes that Plaintiff's complaint is due to be dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).  *Denton v Hernandez*, 504 U.S. 25 (1992); *Neitzke*, 490 U.S. 319.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be DISMISSED with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

 It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **June 9, 2011**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

---

[1] The court notes that the Easterling Correctional Facility is not subject to suit or liability under § 1983. The Eleventh Amendment bars suit directly against a state or its agencies, regardless of the nature of relief sought. *Papasan v. Allain*, 478 U.S. 265 (1986); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984).

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 26th day of May, 2011.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE